UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN P. MAHER,

        Plaintiff,                        Civil No. 03-1102-HA

        v.                             ORDER

CITY OF PORTLAND, a municipal
corporation; JAMES QUACKENBUS;
BRIAN SIMS; and BRIAN DALE,

        Defendants.

_____

HAGGERTY, Chief Judge:

        Before the court is defendants' Motion for Summary Judgment [58], and defendants' Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts [93], which the court construes as a motion for dismissal.

        Defendants move for dismissal on grounds that plaintiff failed to show cause for his failure to respond to defendants' Concise Statement of Material Facts as required by Local Rule

ORDER -- 1

56.1(f), in violation of this court's order dated December 12, 2006. Defendants argue that as such, defendants' Concise Statement of Material Facts should be deemed admitted and, accordingly, defendants' summary judgment motion granted.

Oral argument is deemed unnecessary, and requests for oral argument are denied. For the following reasons, defendants' motion for dismissal [93] is granted. Even absent grounds for dismissal, summary judgment in favor of defendants' would be warranted in light of plaintiff's failure to timely deny defendants' Concise Statement of Material Facts.

BACKGROUND

Plaintiff filed this civil rights action against the City of Portland and several police officers alleging excessive force in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution. Although plaintiff filed this suit *pro se,* he subsequently retained an attorney. Subsequent to plaintiff obtaining counsel, defendants filed the instant summary judgment motion. The court issued a Summary Judgment Advice Order warning plaintiff that if summary judgment was granted, plaintiff's case would be dismissed and there would be no trial. The court advised plaintiff of the requirements under Federal Rule of Civil Procedure 56 and Local Rule 56.1 for opposing a summary judgment motion, including the requirement that plaintiff file a response to defendants' Concise Statement of Facts:

> Local Rule 56.1 of the District Court requires that the party moving for summary judgment file a separate Concise Statement of Material Facts. As part of your opposition to a motion for summary judgment, you must include a response to the separate Concise Statement of Material Facts. You must respond to each numbered paragraph of the moving party's facts by: (1) accepting or denying each fact contained in the moving party's concise statement, or (2) articulating opposition to the moving party's contention of interpretation of the undisputed material fact. You are advised that material facts set forth in the moving party's concise statement will be deemed admitted unless specifically denied, or otherwise controverted by you.

ORDER -- 2

Plaintiff failed to timely respond to defendants' summary judgment motion. On July 7, 2006, this court advised plaintiff that his action may be dismissed "for failure to comply with any order of the court" or "due to . . . failure to comply with [the] Local Rules or the Federal Rules of Civil Procedure, including, specifically, procedural rules regarding deadlines for filing briefs and otherwise prosecuting your action."

After plaintiff's counsel appeared, the court provided plaintiff an extension until August 18, 2006, to respond to defendants' summary judgment motion. Plaintiff filed a Response and Amended Response. However, plaintiff failed to file any responsive briefing to defendants' Concise Statement of Facts, in violation of the court's order and the Local Rules.

On December 12, 2006, the court ordered plaintiff to:

> show cause in writing, on or prior to December 20, 2006: (1) why this case should not be dismissed for want of prosecution, and (2) why the material facts set forth in defendants' Concise Statement should not be deemed admitted, and accordingly, defendants' Motion for Summary Judgment granted. If plaintiff successfully makes such a showing, then this litigation will proceed. If an insufficient showing is made, then this case will be dismissed with prejudice.

On December 20, 2006, plaintiff filed a response to defendants' Concise Statement of Material Facts, but failed to make any showing why the court should accept this untimely response. Plaintiff did not plead mistake, inadvertence, excusable neglect, ignorance, or confusion as grounds for his failure to comply with the court's Summary Judgment Advice Order and the Local Rules. In light of plaintiff's repeated failure to comply with court orders and procedural requirements, the court is compelled to contemplate dismissal with prejudice as provided by numerous prior orders.

Defendants filed a reply to plaintiff's untimely response, which this court construes as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). Defendants argue that this

ORDER -- 3

case must be dismissed with prejudice in light of plaintiff's violation of the court's order or, alternatively, that defendants' Concise Statement of Facts should be deemed admitted and, accordingly, defendants' summary judgment motion granted.

ANALYSIS

Rule 41(b) provides for involuntary dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court"). Whether to dismiss an action under Rule 41(b) is in the court's discretion. *See, e.g.*, *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (reviewing dismissal for abuse of discretion).

Courts have an "inherent power to control their dockets," which may be exercised by "impos[ing] sanctions, including where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). Despite the court's authority to do so, dismissing a case is a harsh penalty that should only be imposed in extreme circumstances. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990).

Before dismissing an action for failure to comply with a court order, the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1261 (citations omitted). The court need not make explicit

findings in order to show that it has considered these factors, although it is preferred that the court do so. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

After considering these factors and plaintiff's repeated failure to comply with this court's orders and Local Rules, the court concludes that this matter must be dismissed with prejudice. *See Ferdik*, 963 F.2d at 1261 (affirming dismissal of a *pro se* plaintiff's case for failure to timely comply with the court's order to remove the term "*et al*" from the caption in the plaintiff's complaint and for failure to specifically name additional party defendants).

The first two dismissal factors – the public's interest in expeditious resolution of litigation and the trial court's interest in docket control – strongly support dismissal here. *Id.* (recognizing the need to protect "the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants"). Plaintiff's repeated failure to comply with this court's orders and deadlines have resulted in an inordinate use of the court's time. *See Malone*, 833 F.2d at 131 (first two factors favored dismissal when the plaintiff's "dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule").

Defendants have been prejudiced by plaintiff's repeated failure to comply with court deadlines and orders, which has unreasonably delayed resolution of this case. Even if the prejudice factor and the public policy favoring disposition on the merits weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here. *See Ferdik*, 963 F.2d at 1263 (upholding dismissal based on first, second, and fifth factors, although third and fourth factors weighed against dismissal); *Henderson*, 779 F.2d at 1425 (although no specific showing of prejudice had been made, "[w]here counsel continues to

ORDER -- 5

disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative" in evaluating the propriety of dismissal).

The court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives. *Id.* at 1426. This court has explored alternatives short of dismissal, including issuing warnings to plaintiff that continued noncompliance would result in dismissal with prejudice, and concludes that dismissal is warranted. *See Malone*, 833 F.2d at 132 ("warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement").

As in *Ferdik*, and notwithstanding the fact that plaintiff has been represented by counsel since defendant moved for summary judgment, this court has gone out of its way to assist plaintiff. The court provided plaintiff multiple extensions to file his required responses and explained repeatedly the procedural requirements for responding to defendants' summary judgment motion. *Ferdik*, 963 F.2d at 1261 (concluding that district court demonstrated "more than adequate sensitivity to *pro se* litigant's inexperience" by granting him two opportunities to amend his complaint, giving guidance necessary to submit a properly amended complaint, and vacating its initial dismissal after the plaintiff failed to file a second time to file a properly amended complaint). After plaintiff failed to respond to defendants' Concise Statement of Material Facts, the court allowed plaintiff a final opportunity to show cause in writing why his case should not be dismissed. Plaintiff ignored this order and made no showing. Accordingly, dismissal under Rule 41(b) is appropriate.

Even absent the factors favoring dismissal, summary judgment in favor of defendants would be warranted. Because plaintiff failed to make a sufficient showing why the court should accept his untimely response, the court would deem defendants' Concise Statement of Facts

admitted and so find no genuine issue as to any material fact.  Accordingly, defendants would be entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

CONCLUSION

For the foregoing reasons, defendants' Rule 41(b) motion for dismissal (titled "Defendants' Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts") [93] is GRANTED.  In the alternative, the court would deem defendants' Concise Statement of Facts admitted and, accordingly, would grant defendants' Motion for Summary Judgment [58].  Plaintiff's case in its entirety is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this   30   day of March, 2007.


            /s/ Ancer L. Haggerty
            Ancer L. Haggerty
            United States District Judge

ORDER -- 7